24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ike HILL, Jr., Plaintiff-Appellant,
v.
Francis GRAZONO, Adult Probation Officer; Tom Agnos, MCSO
ex-Sheriff; Rick Romley, Maricopa County
Attorney, Defendants-Appellees.
 No. 93-15829.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ike Hill, Jr. appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action under 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 A district court may dismiss an in forma pauperis complaint sua sponte if the complaint is frivolous under 28 U.S.C. Sec. 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. In civil rights cases where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 Generally, a supervisor cannot be liable in a Sec. 1983 action under a respondeat superior theory. Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir.1992); see also Monell v. New York City Dep't of Social Services, 436 U.S. 658, 690-695 (1978) (explaining that legislature did not intend to create a federal law of respondeat superior in enacting 42 U.S.C. Sec. 1983). "A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 972 (1992).
 
 
 5
 Hill contends that the district court erred in dismissing Tom Agnos, former sheriff of Maricopa County, from this Sec. 1983 action because Agnos was responsible for managing the Maricopa County jail.[1] This contention lacks merit.
 
 
 6
 Hill's claim against Agnos is frivolous because it lacks an arguable basis in law or fact. See Neitzke, 490 U.S. at 325. Hill alleged that Agnos was responsible for the management of the jail where Hill was incarcerated. Hill failed to allege that Agnos was personally involved or connected in any way to the purported constitutional deprivation. See Redman, 942 F.2d at 1446. Hill's claim against Agnos is frivolous because Hill has merely alleged that Agnos should be liable under a respondeat superior theory. See Hamilton, 981 F.2d at 1067. Accordingly, the district court properly dismissed the claims against Tom Agnos as frivolous. See Hernandez, 112 S.Ct. at 1734.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Hill also named Francis Grazono and Rick Romley as defendants in his complaint, Hill has only challenged the dismissal of Tom Agnos on appeal